UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LATAUSHA SIMMONS,

                Petitioner,                Case No.: 1:24-cv-11453
                                                        Hon. Thomas L. Ludington
v.                                                     United States District Judge

ANTHONY WICKERSHAM, et al.,

                Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF
HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY,
AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

On June 3, 2024, Petitioner LaTausha Simmons filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner bases her Petition on state criminal charges that were dismissed in February 2024. As explained below, Petitioner was not in custody when she filed her Petition, so her Petition will be summarily denied, a certificate of appealability will not be issued, and leave to proceed *in forma pauperis* on appeal will be denied.

**I.**

In 2018, Petitioner LaTausha Simmons was convicted by a jury in the 37th District Court in Macomb County, Michigan, for resisting and obstructing police officers, violating MICH. COMP. LAWS § 750.81d(1). *People v. Simmons*, No. 349547, 2022 WL 3692272, at *1 (Mich. Ct. App. Aug. 25, 2022). Petitioner was sentenced to six months of probation. *Id.* Defendant appealed her conviction to the Macomb Circuit Court, and the court entered an order of acquittal, concluding that the district court erred by precluding evidence of the lawfulness of the officers' conduct. *Id.* But on reconsideration, the court set aside the order of acquittal and remanded the case to the district court for retrial. *Id.*

On appeal, the Michigan Court of Appeals reversed the remand order, concluding that the United States Constitution's Double Jeopardy Clause precluded retrial. *Id.* In 2022, the Michigan Supreme Court reversed that double jeopardy holding, and the case was remanded for further proceedings. *Id.* Ultimately, on February 26, 2024, the resisting and obstructing charges were dismissed. *See* ECF No. 1 at PageID.4; *accord State of Michigan v. Simmons*, Case No. 2016-W163045, (37th Dist. Ct. Macomb Cnty., Mich.), https://micourt.courts.michigan.gov/case-search/court/D37/case-details?caseId=2016-W163045-FY-01&tenantKey=D37-50-1615781-00-00&searchUrl=%2Fcourt%2FD37%2Fsearch%3FlastName%3DSimmons%26firstName%3DLatausha%26page%3D1.

After her charges were dismissed, Petitioner filed a pro se petition for a writ of habeas corpus. ECF No. 1. Petitioner seeks to reverse the Michigan Supreme Court's double jeopardy decision. *See id.* at PageID.16.

## II.

Promptly after a filing, a court must preliminarily review a petition for a writ of habeas corpus to determine whether it plainly appears that the petitioner is not entitled to habeas relief. *See* Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If the court determines that the petitioner is not entitled to relief, it must summarily dismiss the petition. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). A preliminary review of Petitioner's Petition shows that Petitioner is not entitled to habeas relief.

A federal court may only grant habeas relief to a person who is *in custody* in violation of the United States Constitution or other federal law: If a petitioner is not in custody when she files her habeas petition, the court lacks jurisdiction over the petition. *See* 28 U.S.C. § 2254(a); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). But a

petitioner need not be physically confined in jail or prison to challenge a conviction or sentence in a federal habeas proceeding. *See, e.g.*, *Mabry v. Johnson*, 467 U.S. 504, 506 n.3 (1984) (noting a habeas case was not moot despite the fact that petitioner was released on parole); *Garlotte v. Fordice*, 515 U.S. 39, 45–47 (1995). To that end, pretrial detainees may file habeas petitions. *Atkins v. People*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). A person who is released on bail while awaiting trial is also considered to be in custody for habeas purposes. *Turner v. State of Tenn.*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989).

Here, Petitioner was not in custody when she filed her Petition, so this Court lacks jurisdiction over her Petition. Indeed, Petitioner's underlying criminal case was dismissed in February 2024. Thus, she was not a prisoner, a pretrial detainee, or awaiting trial on bail when she filed her Petition on June 3, 2024. So her Petition, ECF No. 1, will be dismissed.

**III.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted).

Here, reasonable jurists would not debate this Court's conclusion that Petitioner is not entitled to habeas relief. Thus, a COA will be denied. Petitioner will also be denied leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## IV.

Accordingly, it is **ORDERED** that Petitioner LaTusha Simmons's Petition for a Writ of Habeas Corpus, ECF No. 1, is **DENIED.**

Further, it is **ORDERED** that a certificate of appealability is **DENIED.**

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED.**

**This is a final order and closes this case.**

Dated: July 31, 2025                             s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge